UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT, | CASE NO. C21-240 MJP |
| Plaintiff, | ORDER ON MOTION TO DISMISS |
| v. | |
| SNOQUALMIE MILL VENTURES LLC, ET AL., | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Motion to Dismiss its claims against Defendants Flatiron West, Inc. and Hos Brothers Construction Inc. (Dkt. No. 78.) The Court has reviewed the Motion and Defendant's Response (Dkt. No. 80), which does not oppose the Motion. Plaintiff asks the Court to allow it to voluntarily dismiss its claims against these two defendants with prejudice pursuant to Rule 41(a)(2). (Mot. at 1.) But in filing their Joint Motion for Entry of Consent Decree (Dkt. No. 72), Plaintiff already "voluntarily dismisse[d] with prejudice its claims against Hos Bros and Flatiron, effective upon entry of the Consent Decree." By filing this voluntarily dismissal with the agreement of all parties, Plaintiff satisfied Rule

1  41(a)(1)(A)(ii), which requires no further Court order to effectuate dismissal. See Fed. R. Civ. P. 41(a)(1)(A)(ii). And to the extent that the dismissal was contingent on the Court's approval of the Consent Decree, that contingency was satisfied when the Court signed the Consent Decree. (See Dkt. No. 75.) So not only have the claims been voluntarily dismissed by agreement of the parties without need for a court order, but the entry of the Consent Decree also satisfied the Parties contingency identified in the Joint Motion. To the extent that these acts do not somehow satisfy Rule 41(a)(1)(A)(ii), the Court finds that voluntary dismissal under Rule 41(a)(2) is also proper, particularly given the lack of opposition. The Court therefore GRANTS the Motion. This matter remains closed, subject to the terms of the Consent Decree.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 22, 2022.

Marsha J. Pechman
United States Senior District Judge